**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND<br>103 Oronoco Street<br>Alexandria, VA 22314<br><br>and<br><br>TRUSTEES OF THE INTERNATIONAL TRAINING FUND<br>103 Oronoco Street<br>Alexandria, VA 22314<br><br>    Plaintiffs,<br><br>        v.<br><br>ANANIA PLUMBING AND HEATING, INC.<br>22 Court Avenue<br>Brockton, MA 02301<br><br>Serve:<br>  Registered Agent & President<br>  Anania Plumbing and Heating, Inc.<br>  Keith M. Eskander<br>  22 Court Avenue<br>  Brockton, MA 02301<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No._____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENTS;
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS
AND TO ENJOIN VIOLATIONS OF THE TERMS OF
EMPLOYEE BENEFIT PLANS)

PARTIES

1.　　Plaintiffs Trustees of the Plumbers & Pipefitters National Pension Fund

(hereinafter the "National Pension Fund") are the trustees of a multi-employer employee benefit

plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income

Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by Collective Bargaining Agreements between the United Association Local Union Nos. 51 and 131 and the Defendant. The National Pension Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

2.     Plaintiffs Trustees of the International Training Fund (hereinafter the "International Training Fund") are the trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37). The International Training Fund is established and maintained by a Restated Trust Agreement and by Collective Bargaining Agreement between the United Association Local Union No. 131 and the Defendant. The International Training Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

3.     Defendant Anania Plumbing and Heating, Inc. is a corporation existing under the laws of the Commonwealth of Massachusetts with an office located in Brockton, Massachusetts. Defendant transacts business in the Commonwealth of Massachusetts as a contractor or subcontractor in the plumbing and pipefitting industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3) and 2(2) of the Labor-Management Relations Act (LMRA), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

<u>JURISDICTION</u>

4.     This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of LMRA, 29 U.S.C. § 185(a). This is

an action for breach of a Collective Bargaining Agreements between an employer and labor organizations representing employees in an industry affecting commerce, an action to collect contributions due to an employee benefit plans under the terms of the Collective Bargaining Agreements, and an action to enjoin the violation of the terms of employee benefit plans.

<u>COMMON FACTS</u>

5.     Defendant is signatory to the Collective Bargaining Agreements with United Association Local Union Nos. 51 and 131 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by the Defendant.

6.     Pursuant to the Collective Bargaining Agreements, Defendant agreed to pay to the National Pension Fund certain sums of money for each hour worked by employees of the Defendant covered by the Collective Bargaining Agreements.

7.     Pursuant to the Collective Bargaining Agreement with Local 131, Defendant agreed to pay to the International Training Fund certain sums of money for each hour worked by employees of the Defendant covered by the Collective Bargaining Agreement.

8.     Defendant employed certain employees covered under the Collective Bargaining Agreements during this period and continuing.

COUNT I
<u>CONTRIBUTIONS TO THE NATIONAL PENSION FUND</u>

9.     Defendant has failed to make contributions due to the National Pension Fund for work performed at Defendant's request for the months of July 2018 and December 2018 through February 2019 on behalf of members in Local 51's jurisdiction.

10.     Defendant has failed to make contributions due to the National Pension Fund for work performed at Defendant's request for the months of April 2018 through August 2018 and December 2018 through February 2019 on behalf of members in Local 131's jurisdiction.

11.     Defendant has failed to make contributions to the National Pension Fund in the amount of at least $7,795.00 for the months of July 2018 and December 2018 in Local 51 pursuant to reports submitted by Defendant.

12.     Defendant has failed to make contributions to the National Pension Fund in the amount of at least $3,323.76 for the months of April 2018 through August 2018 in Local 131 pursuant to reports submitted by Defendant.

13.     Defendant has failed to submit reports and pay contributions to the National Pension Fund for the months of January 2019 and February 2019 in Local 51; the amount of contributions owed for these months is past due but unknown because of Defendant's failure to submit reports identifying hours worked and amounts owed.

14.     Defendant has failed to submit reports and pay contributions to the National Pension Fund for the months of December 2018 through February 2019 in Local 131. The amount of contributions owed for these months is past due but unknown because of Defendant's failure to submit reports identifying hours worked and amounts owed.

15.     Pursuant to the terms of the Collective Bargaining Agreements, Defendant is obligated to pay these contributions owed to the National Pension Fund.

16.     Defendant is bound to the Restated Agreement and Declaration of Trust.

17.     Pursuant to Article VI, Section 5 of the Restated Agreement and Declaration of Trust establishing the National Pension Fund, an Employer who fails to pay the

amounts required by the Collective Bargaining Agreements on time shall be obligated to pay liquidated damages as follows:

> . . . If an Employer has failed to pay the amounts due when such amounts become due and payable, that Employer shall be considered delinquent.  The Trustees may assess liquidated damages against any delinquent employer in the amount of 10% of the amount due if payment is not received by the due date. . . .

18.     Pursuant to the provision in paragraph 17 above, Defendant is obligated to the National Pension Fund in the amount of at least $779.50 in liquidated damages for late payments for the months of July 2018 and December 2018 in Local 51.  Additional liquidated damages are due on unreported and unpaid contributions for the months of January 2019 and February 2019 in Local 51.

19.     Pursuant to the provision in paragraph 17 above, Defendant is obligated to the National Pension Fund in the amount of at least $332.38 in liquidated damages for late payments for the months of April 2018 through August 2018 in Local 131.  Additional liquidated damages are due on unreported and unpaid contributions for the months of December 2018 through February 2019 in Local 131.

20.     Interest is owed on all delinquent contributions for the months of July 2018 and December 2018 through February 2019 in Local 51 and for the months of April 2018 through August 2018 and December 2018 through February 2019 in Local 131.

WHEREFORE, in Count I Plaintiff National Pension Fund prays for judgment as follows:

A.     For unpaid contributions due and owing to the Plaintiff National Pension Fund for the months of July 2018 and December 2018 in the amount of at least $7,795.00; plus unpaid contributions for the months of January 2019 and February 2019 in an amount currently

unknown due to Defendant's failure to timely submit reports identifying the amount owed in Local 51.

B.     For unpaid contributions due and owing to the Plaintiff National Pension Fund for the months of April 2018 through August 2018 in the amount of at least $3,323.76; plus unpaid contributions for the months of December 2018 through February 2019 in an amount currently unknown due to Defendant's failure to timely submit reports identifying the amount owed in Local 131.

C.     For liquidated damages and interest owed on all unpaid and late paid contributions from the date due through the date of payment.

D.     For contributions to the National Pension Fund which become due after the filing of this lawsuit and up to the date of judgment, plus interest, liquidated damages, costs, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

E.     For costs and attorneys' fees pursuant to the Restated Agreement and Declaration of Trust and 29 U.S.C. § 1132(g) and 28 U.S.C. § 1961.

F.     For such further relief as the Court may deem appropriate.

<u>COUNT II</u>
<u>CONTRIBUTIONS TO THE INTERNATIONAL TRAINING FUND</u>

21.     Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 20.

22.     Defendant has failed to make contributions due to the International Training Fund for work performed at Defendant's request for the months of June 2018 through August 2018 and December 2018 through February 2019 on behalf of members in Local 131's jurisdiction.

23.     Defendant has failed to make contributions to the International Training Fund in the amount of at least $39.80 for the months of June 208 through August 2018 in Local 131 pursuant to reports submitted by Defendant.

24.     Defendant has failed to submit reports and pay contributions to the International Training Fund for the months of December 2018 through February 2019 in Local 131; the amount of contributions owed for these months is past due but unknown because of Defendant's failure to submit reports identifying hours worked and amounts owed.

25.     Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to pay these contributions owed to the International Training Fund.

26.     Defendant is bound to the Restated Trust Agreement establishing the International Training Fund.

27.     Pursuant to Article VI, Section 6 of the Restated Trust Agreement establishing the International Training Fund, an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> . . . If an Employer does not file a report or make contributions within ten (10) calendar days of the due date, the following, in the discretion of the Trustees, will be added to and become a part of the amount due from the Employer:  (1) liquidated damages for each monthly report or payment due in the amount of twenty percent (20%) of the amount due, plus interest from the date due to the date of payment at a rate of twelve percent (12%) per annum; . . .

28.     Pursuant to this provision, Defendant is obligated to the International Training Fund in the amount of at least $7.96 in liquidated damages for late payments for the months of June 2018 through August 2018 in Local 131.  Additional liquidated damages are due

on unreported and unpaid contributions for the months of December 2018 through February 2019 in Local 131.

29.     Interest is owed on all delinquent contributions for the months of June 2018 through August 2018 and December 2018 through February 2019 in Local 131.

WHEREFORE, Plaintiff International Training Fund prays for judgment as follows:

A.      For unpaid contributions due and owing to the Plaintiff International Training Fund for the months of June 2018 through August 2018 in the amount of at least $39.80; plus unpaid contributions for the months of December 2018 through February 2019 in an amount currently unknown due to Defendant's failure to timely submit reports identifying the amount owed in Local 131.

B.      For liquidated damages and interest owed on all unpaid and late paid contributions from the date due through the date of payment.

C.      For contributions to the International Training Fund which become due after the filing of this lawsuit and up to the date of judgment, plus interest, liquidated damages, costs, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

E.      For costs and attorneys' fees pursuant to the Restated Trust Agreement and 29 U.S.C. § 1132(g) and 28 U.S.C. § 1961.

F.      For such further relief as the Court may deem appropriate.

## COUNT III

30.     This Court has jurisdiction of this action under §§ 502(a)(3), (f), (g) and 515 of ERISA of 1974, 29 U.S.C. §§ 1132(a)(3), (f), (g) and 1145.  This is an action to enjoin violations of the terms of employee benefit plans.

31.     Plaintiffs hereby adopt, incorporate and restate in Count III paragraphs 1 through 29.

32.     Defendant, pursuant to the Restated Agreement and Declaration of Trust establishing the National Pension Fund and the Restated Trust Agreement establishing the International Training Fund, agreed to make timely contributions to the National Pension Fund and the International Training Fund in the amounts and on the dates required by its Collective Bargaining Agreements with United Association Local Union Nos. 51 and 131 in order to maintain the plan of benefits provided through the National Pension Fund and the International Training Fund.

33.     Defendant has repeatedly failed to submit timely reports or contributions to the National Pension Fund and the International Training Fund in violation of the requirements of the aforementioned Restated Agreement and Declaration of Trust of the National Pension Fund and the Restated Trust Agreement of the International Training Fund.

WHEREFORE, in Count III Plaintiff Funds pray for judgment as follows:

A.     For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans and requiring Defendant to submit timely contributions and reports to the Plaintiff Funds.

B.      For such further relief as the Court may deem appropriate.

Respectfully submitted,


By   /s/_____
       John R. Harney, Bar No. 41520
       Counsel for Plaintiff Funds
       O'Donoghue & O'Donoghue LLP
       5301 Wisconsin Ave., NW, Suite 800
       Washington, DC 20016
       Telephone No.:  (202)362-0041
       Facsimile No.:   (202)362-2640
       jharney@odonoghuelaw.com



By:   /s/_____
        Rebecca Richardson, Bar No. 80855
        Counsel for Plaintiff Funds
        O'Donoghue & O'Donoghue LLP
        5301 Wisconsin Ave., NW, Suite 800
        Washington, DC 20015
        Telephone No.: (202)362-0041
        Facsimile No.: (202)362-2640
        rrichardson@odonoghuelaw.com

324416_1

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 10th day of April, 2019 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC:TEGE
Room 4300
1111 Constitution Avenue
Washington, DC 20224

Attention:  Employee Plans

Secretary of Labor
200 Constitution Ave., N.W.
Washington, DC  20210

Attention:  Assistant Solicitor for
                      Plan Benefits Security

                                          ____/s/_____
                                          John R. Harney, Bar No. 41520
                                          Counsel for Plaintiff Funds
                                          O'Donoghue & O'Donoghue LLP
                                          5301 Wisconsin Avenue, NW
                                          Suite 800
                                          Washington, DC 20016
                                          Telephone No.: (202)362-0041
                                          Facsimile No.:  (202)362-2640
                                          jharney@odonoghuelaw.com

324416_1